**STATE OF MAINE**
**LINCOLN, ss.**

**SUPERIOR COURT**
**LOCATION: WISCASSET**

**DOCKET NO. RE-2016-16**

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **AGREED ORDER OF FORECLOSURE AND SALE** |
| **Plaintiff** | |
| vs. | |
| **Vicky A. Erskine** | **TITLE TO REAL ESTATE IS INVOLVED** |
| **Defendant** | |
| | **MORTGAGED PREMISES:** |
| | **16 Hanna Lane** |
| | **Bristol, ME 04539** |
| | **Book 4347, Page 261** |

NOW COME the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendant, Vicky A. Erskine, individually, and by and through their undersigned counsel, and hereby submit this Agreed Order of Foreclosure and Sale. The parties stipulate to the facts as follows:

1.     That Defendant has breached the condition of Plaintiff's mortgage deed, dated November 24, 2010, and recorded in the Lincoln County Registry of Deeds in Book 4347, Page 261 in connection with the property located at 16 Hanna Lane , Bristol, ME 04539.

2.     That Plaintiff is owed the following under its Note and Mortgage as of June 10, 2016:

| | | | |
|---|---|---|---|
| | Principal: | $ | 232,862.60 |
| | Accrued interest: | $ | 21,236.71 |
| | Escrow Advance: | $ | 8,089.32 |
| | Attorneys Fees & Costs: | $ | 1,849.73 |
| | BPO/DIL/Title Search Fees | $ | 813.50 |
| | Property Preservation Fees: | $ | 6,307.00 |
| | Late Charges: | $ | 945.37 |
| | Total: | $ | 272,104.23 |

a.     additional reasonable expenses incurred by Plaintiff after June 10, 2016 in connection with this action, including the completion of the foreclosure or in connection with a redemption;

b.     additional prejudgment interest accruing on said principal balance after June 10, 2016 at the rate of 3.125% per annum pursuant to the note and post-judgment interest rate of 6.65% pursuant to 14 M.R.S.A., section 1602-C.

c.     any amounts advanced by Plaintiff to protect its mortgage security.

3.     The order of priority of the claims of the parties to this action is as follows:

FIRST:     The Plaintiff, by virtue of its mortgage in the above amounts and attorney's fees.

SECOND:     The Defendant

4.     The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) of M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for expenses incurred for the following reasons:

a.     Upon entry of this judgment, the time periods under 14 M.R.S.A., section 6322 and section 6323 will begin to run even though this judgment, if not entered as final, is subject to later revision;

b.     The Plaintiff and any bidders at the foreclosure sale will be exposed to some risk and the sales results prejudiced if the judgment is subject to later revision;

c.     Any dispute regarding Plaintiff's claim for expenses incurred may be resolved by Defendant filing a motion contesting Plaintiff's Report of Sale, pursuant to 14 M.R.S.A., section 6324.

**WHEREFORE**, it is hereby ordered and decreed that if Defendant does not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6323 and disburse the proceeds of said sale after deducting the expenses thereof, to the Plaintiff in the amount due on its mortgage and attorney's fees and costs, and the surplus, if any, as outlined in paragraph 3 above.

*Plaintiff specifically agrees to waive any deficiency which may be associated with this loan and this judgment shall not establish any personal liability of the Defendants for the debt secured by the mortgage but shall operate as to the real estate described in the mortgage.*

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period and Defendant is Ordered to vacate the real estate at that time if Defendant has not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A. section 2401:

1.   The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2.   The docket number is RE-2016-16.

3.   The court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.   A description of the real estate involved is set forth in Schedule B attached hereto.

5.   The Plaintiff is responsible for recording the attested copy of the Judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1), except as to expenses incurred by Plaintiff after June 10, 2016, and the Plaintiff shall specify expenses incurred after June 10, 2016 in its Report of Sale, which shall be deemed a timely application for award of additional attorney's fees, notwithstanding the requirements of M.R.Civ.P. Rule 54(b)(3) to file such application within sixty (60) days after judgment. Defendants may contest the Report of Sale and application for additional attorney's fees by filing a motion pursuant to 14 M.R.S.A. section 6324.

The Clerk is specifically directed, pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Dated: 5/26/16

Respectfully submitted:

John A. Doonan, Esq., Bar No. 3250
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670

Dated:

Vicky A. Erskine, Defendant 0524/16
P.O. Box 552
New Castle ME 04553

Dated: JUN 0 6 2016

Justice, Superior Court
Daniel Billings

Date entered into the docket: 6/6/16

# SCHEDULE A

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | John A. Doonan, Esq. 100 Cummings Center Suite 225D Beverly, MA 01915 |
| DEFENDANT | Vicky A. Erskine P.O. Box 552 New Castle, ME 04553 | Pro Se |

Schedule B

## LEGAL DESCRIPTION

LAND REFERRED TO IN THIS COMMITMENT IS DESCRIBED AS ALL THAT CERTAIN PROPERTY SITUATED IN CITY OF BRISTOL IN THE COUNTY OF LINCOLN; AND STATE OF MAINE AND BEING DESCRIBED IN A DEED DATED 08/27/1998 AND RECORDED 09/04/1998 IN BOOK 2378 PAGE 47 AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE, AND REFERENCED AS FOLLOWS:

LOT 1 AS SHOWN ON THE PLAN ENTITLED "HAROLD HANNA SUBDIVISION, TOWN OF BRISTOL, LINCOLN COUNTY, MAINE, SURVEY" FEBRUARY 1989-SCALE 1"=100' BY ELMER J. DAVIDSON, RECORDED IN LINCOLN COUNTY PLAN BOOK 44 AT PAGE 6.

PARCEL NO. 10-32-B-1

COMMONLY KNOWN AS:
16 HANNA LN, BRISTOL, ME 04539